UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                                ORDER

EVERTON PRYCE,                                   21-CR-514 (CS)

                Defendant.
--------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Everton Pryce's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (ECF No. 17), and the Government's opposition thereto, (ECF No. 21). Defendant was convicted of enticement of a minor in violation of 18 U.S.C. § 2422(b) and sentenced principally to 168 months' imprisonment, (ECF No. 16), which was below his Sentencing Guidelines range of 292-365 months, (ECF No. 5 ¶ 81). He has served a little less than 61 months.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the 18 U.S.C. § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 also permits a sentence reduction for extraordinary and compelling reasons, and additionally requires that the Defendant not be a danger to the safety of any other person or the community. *See* U.S.S.G. § 1B1.13(a), p.s. The Policy Statement, as amended, *see United States v. Feliz*, No. 16-CR-809, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023),[1] identifies

---

[1] I agree with the court in *Feliz*, which found that the November 1, 2023 amendments to Policy Statement 1B1.13 have harmonized the Policy Statement with the First Step Act; that *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), therefore does not apply to the new version of Policy Statement 1B1.13; and that "[a]ccordingly, to grant a motion for compassionate release, a court must now, in addition to finding that the other elements of the compassionate

as extraordinary and compelling certain circumstances relating to medical condition, age, family, prison abuse, and unusually long sentences, as well as any other circumstances of similar gravity, *see* U.S.S.G. § 1B1.13(b)(1)-(6). "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).

The motion is denied, essentially for the reasons stated by the Government. Defendant argues that extraordinary and compelling circumstances exist because he has been subject to to threats and abuse in custody. But he has not provided facts suggesting he meets the threshold set forth in U.S.S.G. § 1B1.13(b)(4). He also suggests that he is not getting proper medical treatment, which is belied by the extensive Bureau of Prisons ("BOP") medical records provided by the Government, and in any event his allegations do not meet the threshold of U.S.S.G. § 1B1.13(b)(1). Finally, to the extent Defendant has been in special confinement, it appears that that is the case either by his own request for protection or as the result of his own misconduct. The circumstances to which Defendant points do not, singly or in combination, rise to the level of extraordinary and compelling.

Even if they did, I would have to consider the § 3553(a) factors, and they weigh strongly against release not even halfway into Defendant's sentence. The seriousness of the offense, Defendant's history of violence, and the need to protect the public and promote respect for the

---

release standard are satisfied, also find that granting such relief is consistent with Policy Statement 1B1.13." 2023 WL 8275897, at *4; *see United States v. Corbett*, No. 10-CR-184, 2023 WL 8073638, at *3 (S.D.N.Y. Nov. 21, 2023) ("The amended guidance from the Commission as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition, however initiated."). But the outcome here would be the same even under *Brooker* and the old version of 1B1.13. Unless otherwise indicated, all case quotations omit internal citations, quotation marks, footnotes and alterations.

law – among other factors – militate against any reduction. Further, Defendant has accumulated more than two dozen discipinary infractions since his sentencing, suggesting that he is far from ready to be law-abiding.[2]

For the reasons stated above, the motion is denied. The Clerk of Court is respectfully directed to terminate ECF No. 17 and to send a copy of this Order to Everton Pryce, No. 87668-054 at: 1) USP McCreary, U.S. Penitentiary, P.O. Box 3000, Pine Knot, KY 42635; and 2) USP Victorville. U.S. Penitentiary, P.O. Box 3900, Adelanto, CA 92301.[3]

Dated: February 28, 2025
      White Plains, New York

*Cathy Seibel* (signature)
_____
CATHY SEIBEL, U.S.D.J.

---

[2] That Defendant has fabricated a purported promise by the Court to reduce his sentence halfway through, (*see* ECF No. 17 at 1), provides further reason to doubt his promise that he "will not be a problem" in the future, (*id.* at 2).

[3] Defendant's application contains the return address of USP Victorville, but the BOP Inmate Locator shows that he is now at USP McCreary.