UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA

- v. -

EVERTON PRYCE,

Defendant.
-----------------------------------------------------------x

ORDER

No. 21-CR-514 (CS)

Seibel, J.

Before the Court is Defendant Everton Pryce's second motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (ECF No. 32), and a letter that I construe as a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2), (ECF No. 31). Defendant was convicted of enticement of a minor in violation of 18 U.S.C. § 2422(b) and sentenced principally to 168 months' imprisonment, (ECF No. 16), which was below his Sentencing Guidelines range of 292-365 months, (ECF No. 5 ¶ 81). He has served approximately 79 months.

A defendant may bring a motion under § 3582(c)(1)(A) only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." There is no indication that Defendant has exhausted, and no exception to the requirement is apparent, *see, e.g.*, *United States v. Isaac*, No. 23-CV-4736, 2025 WL 2576441, at *5 (E.D.N.Y. Sept. 5, 2025)[1], which alone would justify denial. I proceed to the merits in an excess of caution.

[1] The Court will send Defendant copies of any unreported decisions cited in this Order.

Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the 18 U.S.C. § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 also permits a sentence reduction for extraordinary and compelling reasons, and additionally requires that the Defendant not be a danger to the safety of any other person or the community. *See* U.S.S.G. § 1B1.13(a), p.s. The Policy Statement, as amended, *see United States v. Feliz*, No. 16-CR-809, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023),[2] identifies as extraordinary and compelling certain circumstances relating to medical condition, age, family, prison abuse, and unusually long sentences, as well as any other circumstances of similar gravity, *see* U.S.S.G. § 1B1.13(b)(1)-(6). The burden is on the defendant to show that a sentence reduction is warranted. *See United States v. Fernandez*, 104 F.4th 420, 427 (2d Cir. 2024), *cert. granted in part*, 145 S. Ct. 2731 (2025), *aff'd*, 146 S. Ct. 1292 (2026). But because Defendant proceeds *pro se*, I construe his submissions liberally and interpret them to raise the strongest arguments they suggest. *See United States v. Washington*, No. 16-CR-505, 2021 WL 1252036, at *1 (S.D.N.Y. Apr. 5, 2021) (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

---

[2] I agree with the court in *Feliz*, which found that the November 1, 2023 amendments to Policy Statement 1B1.13 have harmonized the Policy Statement with the First Step Act; that *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), therefore does not apply to the new version of Policy Statement 1B1.13; and that "[a]ccordingly, to grant a motion for compassionate release, a court must now, in addition to finding that the other elements of the compassionate release standard are satisfied, also find that granting such relief is consistent with Policy Statement 1B1.13." 2023 WL 8275897, at *4; *see United States v. Corbett*, No. 10-CR-184, 2023 WL 8073638, at *3 (S.D.N.Y. Nov. 21, 2023) ("The amended guidance from the Commission as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition, however initiated."). But the outcome here would be the same even under *Brooker* and the old version of 1B1.13. (Unless otherwise indicated, case quotations in this Order omit internal quotation marks, citations, alterations and footnotes.)

The motion under 18 U.S.C. § 3582(c)(1)(A) is denied. Defendant bases his motion on the same grounds he raised last time: assaults he has endured in prison and lack of medical care. (ECF No. 32 at 1; *see* ECF No. 17 at 1.) But he still has not provided facts suggesting he meets the threshold set forth in U.S.S.G. § 1B1.13(b)(4), p.s.[3] Nor has he shown that his medical care in BOP meets the threshold of U.S.S.G. § 1B1.13(b)(1), p.s. The circumstances to which Defendant points do not, singly or in combination, rise to the level of extraordinary and compelling.

Even if they did, I would have to consider the § 3553(a) factors, and they continue to weigh strongly against release. The seriousness of the offense, Defendant's history of violence, and the need to protect the public and promote respect for the law – among other factors – militate against any reduction. Further, Defendant had accumulated more than two dozen disciplinary infractions between his sentencing and my denial of his previous § 3582(c)(1)(A) application, (ECF No. 24 at 3), less than eighteen months ago, suggesting that he is far from ready to be law-abiding. Further, in that denial order I stated: "That Defendant has fabricated a purported promise by the Court to reduce his sentence halfway through, (*see* ECF No. 17 at 1), provides further reason to doubt his promise that he 'will not be a problem' in the future, (*id.* at 2)." (ECF No. 24 at 3 n.2.) Yet Defendant has doubled down, again falsely claiming that I made some kind of promise to release him once he had completed half of his sentence. (ECF No. 32 at 1.) This apparently willful misrepresentation further undermines his application.

[3] Defendant states that an inmate bit off half his ear, which is most unfortunate, but does not meet U.S.S.G. § 1B1.13(b)(4), p.s., which requires that the perpetrator be an employee or contractor of the Bureau of Prisons ("BOP") or another person having custody of the inmate. Nor does it appear that the misconduct has been established as required by the policy statement.

As for the motion under 18 U.S.C. § 3582(c)(2), to the extent Defendant believes there has been a change in the law precluding the use of prior convictions, he is mistaken. To the extent he is referring to Amendment 821, which eliminated the two-level enhancement for committing the instant crime while on supervision, the motion is denied for the reasons already explained in ECF No. 30. Removal of the two-level enhancement would not reduce Defendant's Criminal History Category ("CHC") or his Guidelines range, and even if it did reduce his CHC to IV, his sentence was still below the range that would result. A reduction is precluded in both of those circumstances. *See* U.S.S.G. § 1B1.10(a)(2)(B), (b)(2)(A)

For the reasons stated above, the motions are denied. The Clerk of Court is respectfully directed to send a copy of this Order to Everton Pryce, No. 87668-054, USP Terre Haute, U.S. Penitentiary, P.O. Box 33, Terre Haute, IN 47808.

Dated: August 6, 2026
White Plains, New York

Cathy Seibel

CATHY SEIBEL, U.S.D.J.